## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

ERIK ESTRADA HAYNES   :
           :
    Plaintiff,   :
           :
v.          :  CASE NO: 5:13-CV-339-MTT-MSH
           :    42 U.S.C. § 1983
BRIAN OWENS and SHEVONDAH :
FIELDS,       :
           :
    Defendants.  :
_____:

## REPORT AND RECOMMENDATION

Presently pending before the Court are Defendants' motion to dismiss the complaint (ECF No. 12) and motion to dismiss Plaintiff's order to show cause (ECF No. 13).   For the reasons explained below, it is recommended that Defendants' motions be granted.

## BACKGROUND

Plaintiff, an inmate at Smith State Prison ("SSP") in Glennville, Georgia, brought the above-styled action asserting that his request to be placed on a vegan diet for religious reasons was denied, as was his grievance regarding that denial.   (Compl. 3, ECF No. 1.) On preliminary review, Plaintiff's complaint was construed as a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and allowed to proceed.   (See Order 3-4; ECF No. 5.)   Defendants thereafter filed a motion to dismiss the complaint based on immunity grounds and for failure to state a claim.   (ECF No. 12.)   On December 12, 2013, the Court granted Plaintiff's motion for an extension of time to file a response to Defendants' motion (ECF No. 18), but Plaintiff has not filed any response.

Defendants have also moved to dismiss (ECF No. 13) Plaintiff's "Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order" (ECF No. 10). Defendants construe that filing as a motion for preliminary injunction and argue that Plaintiff is not entitled to a preliminary injunction because Plaintiff has shown none of the four prongs of the applicable test.   (Defs.' Resp. to Pl.'s Order to Show Cause 1.)

## DISCUSSION

### I.    Defendants' Motion to Dismiss Complaint

#### A.    Official Capacity Claim

Defendants construe the Complaint as asserting claims against them in both their official and individual capacities.   (Defs.' Br. in Supp. of Mot. to Dismiss 2, ECF No. 12-1.)   At all times relevant to the claims in Plaintiff's Complaint, Defendants Owens and Fields were employees of the Georgia Department of Corrections ("GDOC").   GDOC employees are entitled to Eleventh Amendment immunity for claims for damages in their official capacities.   "Official capacity suits for damages against employees of a state agency are suits against the state agency." *Ferguson v. Ga. Dep't of Corr.*, 428 F. Supp. 2d 1339, 1352 (M.D. Ga. 2006).   "A suit against a governmental entity which is considered an 'arm of the state'—such as the GDOC—is a suit against the State." *Id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)).   "[T]he Eleventh Amendment to the United States Constitution bars a § 1983 action against the State of Georgia and the GDOC unless the State either consents to suit or waives its sovereign immunity with regard to § 1983 claims—neither of which has happened here." *Ferguson*, 428 F. Supp. 2d at 1352.   Therefore, Eleventh Amendment immunity bars suit here as a

threshold matter.[1]

Additionally, GDOC employees, as state officials acting in their official capacities, are not considered "persons" for purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Ferguson*, 428 F. Supp. 2d at 1352-53. Since § 1983 requires that a "person" deprive a plaintiff of his constitutional rights, the lack of a "person" in this case establishes an independent ground for dismissal of Plaintiff's claims against both Defendants in their official capacities. *Will*, 491 U.S. at 71.

B.      Individual Capacity Claim

Defendants contend that Plaintiff's Complaint, with regard to claims brought against them in their individual capacities, fails to state a claim upon which relief can be granted. (Def.'s Br. 9-11.) Again, Plaintiff has not responded to Defendants' motion.

When considering a Rule 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual

---

[1] Defendants also argue that any claims for injunctive relief under *Ex Parte Young*, 209 U.S. 123, 158-59 (1908) should be dismissed because the exception to Eleventh Amendment immunity detailed in *Young* does not apply here. The Court does not deal with that issue here because Plaintiff does not request any injunctive relief in the Complaint itself. The Court discusses Plaintiff's separate Order to Show Cause (ECF No. 10) (construed as a motion for TRO) in Part II herein.

allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

In his Complaint, Plaintiff states only that he "was attempting to be placed on a restricted vegan diet due to religious beliefs," and after several requests was notified that his grievance was denied. (Compl. 3.) He says that this is a violation of his right to religion and caused him to suffer "large weight loss due to [an] intestine bacteria & a close encounter to death." (*Id.*) Other than listing Defendants Owens and Fields on the "Defendant(s)" line, Plaintiff says nothing about their role in the denial of his request.

On its face, it is clear that Plaintiff's complaint does not state a claim upon which relief can be granted. Plaintiff fails to allege any connection between Defendants and the alleged constitutional violations that he suffered. Plaintiff simply states that his request was denied and then asks for compensation from these Defendants, whose only connection to Plaintiff or his allegedly denied request (at least as shown in the Complaint) is that they are employed by the Georgia Department of Corrections. Given the lack of facts supporting any cause of action against Defendants, Defendants' motion should be granted.[2]

---

[2] In their motion, Defendants further detail other legal insufficiencies in Plaintiff's complaint, but the Court finds this unnecessary given that the complaint is completely devoid of allegations.

## II.     Defendants' Motion to Dismiss Plaintiff's Order to Show Cause

Defendants have also filed a motion to dismiss (ECF No. 13) Plaintiff's "Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order" (ECF No. 10).   The Court construes Plaintiff's "Order" as a motion for a preliminary injunction or temporary restraining order.   Defendants argue that Plaintiff is not entitled to a preliminary injunction.   (DefS.' Resp. to Pl.'s Order to Show Cause 1.)

A preliminary injunction is an extraordinary remedy.   *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *All Care Nursing Serv., Inc. v. Bethesda Mem. Hosp., Inc*., 887 F.2d 1535, 1537 (11th Cir. 1989) ("preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites.").   Such remedy requires a showing, *inter alia*, of a "substantial likelihood of success on the merits" and that "irreparable injury will be suffered unless the injunction issues."   *Robertson*, 147 F.3d at 1306.   As explained above, it is unlikely that Plaintiff will succeed on the merits of his case.   It is therefore recommended that Defendants' motion to dismiss (ECF No. 13) be granted.

## III.     Application of 28 U.S.C. § 1915(g)

For purposes of the three strikes provision of the Prison Litigation Reform Act (PLRA) 28 U.S.C. § 1915(g), the Court determines that its decision in this case is a strike against Plaintiff.   *See* 28 U.S.C. § 1915(g) (Counting as strikes any action or appeal in federal court "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.").

## CONCLUSION

WHEREFORE, for the reasons explained above, it is RECOMMENDED that Defendant's Motion to dismiss the complaint (ECF No. 12) be GRANTED and Motion to dismiss Plaintiff's order to show cause (ECF No. 13) be GRANTED.   Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.

SO RECOMMENDED, this 23rd day of January, 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE